IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ERIC LEE CHILDRESS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:16CV00221 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **S. AINSWORTH, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Eric Lee Childress, Pro Se Plaintiff; Rosalie Pemberton Fessier, Timberlake, Smith, Thomas & Moses, P.C., Staunton, Virginia, for Defendants.*

The plaintiff, Eric Lee Childress, a Virginia inmate proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983, alleging that a jail investigator sexually assaulted him during a pat down search. After careful review of the record, I conclude that the defendants' Motion for Summary Judgment on the ground of failure to exhaust administrative remedies must be denied.

I.

Childress was confined at the New River Valley Regional Jail for several months as a pretrial detainee. He alleges that on December 2, 2014, jail investigator S. Ainsworth and officers J. Murphy and Atkins came to his cell to conduct a cell search. While Murphy searched the cell for contraband, Ainsworth told Childress to stand facing the wall of the cell for a pat down search. During the

course of this pat down, Ainsworth allegedly fondled Childress's testicles and penetrated his rectum with an unidentified object. Childress said aloud that Ainsworth was hurting him, but Murphy did not stop Ainsworth's actions.

Childress filed a request form on December 7, asking to speak with a mental health nurse about sexual assault. Murphy allegedly intercepted and destroyed this form. Childress filed a request form to the superintendant about the loss of his prior request and was allegedly told to forward all request forms to the superintendant.

On December 8, 2014, with the help of a jail captain, Childress filed a complaint with the Virginia State Police and was transported to a local hospital. Medical staff there allegedly took pictures and told Childress that they saw evidence of healing to the rectum area. Childress alleges that he suffered psychological and physical damage from the assault.

Childress filed his § 1983 Complaint in May 2016, seeking monetary damages against Ainsworth and Murphy, respectively, for sexual assault and bystander liability.[1] The defendants have filed a Motion for Summary Judgment, supported with the affidavit of the jail superintendant. Their motion contends that

---

[1] In the Complaint, Childress also sought injunctive relief ordering his transfer to a Virginia Department of Corrections ("VDOC") prison facility. Because Childress is now housed in a VDOC prison facility, this claim for injunctive relief must be dismissed as moot. *See Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007).

Childress is barred from pursuing this action because he failed to exhaust available administrative remedies at the jail before filing the lawsuit. Childress has responded to the motion, making the matter ripe for resolution.

II.

An award of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether to grant a motion for summary judgment, the court must take the non-movant's evidence as true and draw "all justifiable inferences" from the evidence in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To withstand a summary judgment motion, the non-movant must produce sufficient evidence from which a reasonable fact finder could return a verdict in his favor. *Id.* at 249-50.

The Prison Litigation Reform Act ("PLRA"), among other things, provides in 42 U.S.C. § 1997e(a) that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. This exhaustion requirement is "mandatory." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). It "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To comply with § 1997e(a), an inmate must follow each step of the established

grievance procedure that the facility provides to prisoners before filing his § 1983 action. *See Woodford v. Ngo*, 548 U.S. 81, 90-94 (2006). The defendants bear the burden of proving the affirmative defense that Childress failed to exhaust available administrative remedies regarding his claims before filing suit. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

The jail's Inmate Grievance Procedure is set forth in the Inmate Handbook. As the first step in the procedure, the inmate must make a good faith effort to resolve the complaint informally by talking with the staff member(s) involved or the supervisor within three days of the incident. If this effort does not resolve the issue, then the inmate may submit a written *Request to Staff* to the Shift Commander within seven days of the incident. If still dissatisfied with the officials' responses, then the inmate may submit an *Offender Grievance Form* along with a copy of the *Request to Staff* within ten days from the date of the response to the *Request to Staff*. An *Offender Grievance Form* will not be accepted if submitted more than thirty days from the incident or from the response to the *Request to Staff* unless the Superintendent orders an exception. Jail staff members are to respond to an *Offender Grievance Form* within nine days of receipt (Level I).

If the inmate is not satisfied with the Level I response, then he has forty-eight hours to note an appeal. Within forty-eight hours of receiving a Level II

-4-

Case 7:16-cv-00221-JPJ-PMS   Document 29   Filed 02/27/17   Page 4 of 9   Pageid#: 107

response, the inmate may appeal it to the superintendent on procedural or constitutional grounds only (Level III).

## III.

The defendants contend that Childress's action must be dismissed under § 1997e(a), because he did not pursue a complaint about the alleged sexual assault incident through the required steps of the jail's grievance procedure. The jail superintendant states that Childress signed the Inmate Orientation sheet, indicating that he received a copy of the Inmate Handbook and orientation to the jail's grievance procedure. The superintendant also states that the jail's grievance file for Childress does not indicate that he ever filed a *Request to Staff* or an *Offender Grievance Form* concerning the December 2, 2014, incident.

On a Verified Statement Form submitted in this case in May 2016, Childress indicated that

> I have attempted to exhaust my administrative remedies but my grievance was rejected as untimely. I have appealed that determination to the highest level available. I have attached documentation verifying my attempts to exhaust administrative remedies.

V.S. 1, ECF No. 2. The only document attached to this form was an *Inmate Request for Services*, dated December 12, 2014, stating that Childress had not received a response to a prior "request to Mental Health and/or Nurse." *Id.* 2. This form did not mention the alleged incident on December 2, 2014.

-5-

Case 7:16-cv-00221-JPJ-PMS   Document 29   Filed 02/27/17   Page 5 of 9   Pageid#: 108

In his verified response to the defendants' motion, Childress states that he

> did comply with [the jail's] greivance [sic] process and exhausted the greivance [sic] process as well as tried to alert Medical/Mental Health. [He] also alerted Capt. Brown and after the defendants gained knowledge of a possible legal action against them, [he] was ordered by jail officials to give any and all paperwork to investigators in which at that time, all relevant documents/correspondance [sic] having to do with the Dec, 02, incident was removed from [him].

Pl.'s Mem. Supp. of Opposing Summ. J. 4, ECF No. 19-1. Specifically, Childress states that when jail officials learned he was preparing a § 1983 complaint, an Officer Travis came to his cell on June 18, 2015, to "confiscate any and all paperwork in [Childress's] possession, under the pretense of an investigation concerning 3-way mail" and "the greivance receipts concerning the Dec. 02, 2014 incident were also confiscated and never returned."[2] Pl.'s Aff. 2, ECF No. 19. Childress also attaches a *Standard Grievance Form*, dated June 18, 2015, complaining about being held on administrative segregation since December 1, 2014. A typed response from Capt. Murphy, dated June 24, 2015, and attached to this grievance form, states that Childress's administrative segregation status will soon be reviewed. The response also advises Childress: "As for your assertion you have not broken any rules this appears to be misleading. As resent [sic] as last

---

[2] Childress also asserts that the former jail superintendant, who was in charge of the jail in 2014 and 2015, was "forced to resign or be terminated due to corruption and helping jail officials cover up their wrongdoings." Pl.'s Mem. Supp. of Opposing Summ. 2, ECF No. 19-1. This conclusory assertion is utterly unsupported by facts and, as such, I do not accept it as true. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

week you and Inmate Taylor have been communicating by three way mail. This is supported by seized correspondence from your cell and Inmate Taylor." Pl.'s Mem. Supp. of Opposing Summ. 3, ECF No. 19-2.

The defendants have replied to Childress's statements about exhaustion, arguing that his submissions on this issue are inconsistent. They submit an affidavit from jail officer Travis, stating that he did not work on June 18, 2015, as indicated on the attached copy of his timesheet for that month. Travis also states that on June 15, 2015, he searched Childress's cell and confiscated only one letter related to the three-way mail investigation. Travis states: "I did not remove any grievance paperwork or receipts as a result of that search." Travis Aff. 1, ECF No. 22-1. In response to this evidence, Childress explains that all paperwork related to the sexual assault claim was confiscated and later returned, except for the grievances and receipts.

The defendants argue that the inconsistencies in Childress's characterizations of his exhaustion attempts and his varying accounts of the paperwork confiscation in June 2015 prevent him from presenting a genuine issue of material fact proving exhaustion. They contend that his submission of one administrative remedy form from December 2012 discredits his claim that all his grievance paperwork from that time period was confiscated.

I cannot agree. The defendants' summary judgment arguments ask me to make credibility determinations that the court cannot lawfully make at the summary judgment stage. *See Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (observing that on summary judgment, nonmovant must "have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all internal conflicts in it resolved favorably to him" (internal quotation marks and citation omitted)), cert. denied, 491 U.S. 1109 (1991); *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004) (the court "may not make credibility determinations" in reviewing the record on summary judgment)). Taking the evidence in the light most favorably to Childress, as I must at this phase, I cannot find that his accounts of his exhaustion efforts and the confiscation of papers from his cell are so internally inconsistent as to support the conclusion that no reasonable fact finder could find in his favor on the exhaustion issue.

IV.

For the stated reason, it is **ORDERED** that the defendants' Motion for Summary Judgment (ECF No. 16), based on Childress' alleged failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a) before filing this action is DENIED; Childress's claims for injunctive relief are DISMISSED as moot; and pursuant to 28 U.S.C. § 636(b)(1)(B), this matter is REFERRED to the Honorable Pamela Meade Sargent, United States Magistrate Judge, to conduct

further proceedings and to submit to the Court a report setting forth appropriate findings of fact, conclusions of law, and a recommended disposition of the issue of whether the plaintiff exhausted available administrative remedies before filing this action as required under 42 U.S.C. § 1997e(a).

ENTER: February 27, 2017

/s/ James P. Jones
United States District Judge

-9-

Case 7:16-cv-00221-JPJ-PMS   Document 29   Filed 02/27/17   Page 9 of 9   Pageid#: 112